UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TANIQUA PITT, on behalf of herself and others similarly situated,

                      Plaintiff,

-against-

THE BAR LIFE INC. and MICHAEL LEAKS,

                      Defendants.
------------------------------------------------------------------------X

Civil Action No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, Taniqua Pitt ("Plaintiff"), on behalf of herself and others similarly situated, by her attorneys, Law Offices of Yale Pollack, P.C., as and for her Complaint against Defendants, The Bar Life Inc. and Michael Leaks (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action, on behalf of herself and other current and former employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiff seeks, for herself and other similarly situated employees, unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

2.    Plaintiff also brings this action, on behalf of herself and other similarly situated employees, to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R. §142-2.2. Plaintiff seeks, for herself and all other similarly situated employees, unpaid wages, statutory damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Eastern District and the residence of Defendants are within the Eastern District.

## PARTIES

6. Plaintiff is an individual who resides in the County of Kings, State of New York.

7. At all times herein mentioned, Plaintiff was employed by Defendants, where she worked as a bartender from February 2019 until August 19, 2022.

8. Upon information and belief, Defendant The Bar Life Inc. ("BL") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located at 1177 Bedford Avenue, Brooklyn, New York.

9. Upon information and belief, Defendant Michael Leaks ("Leaks") is an owner and/or officer of BL.

10. At all relevant times mentioned herein, Leaks had the power to hire, fire, and control the wages and working conditions of Plaintiff, the FLSA Collective Plaintiffs (as defined herein) and the Class Members (as defined herein).

11. Leaks had authority to, and did in fact, exercise operational control over BL.

12. Leaks set the manner by which Plaintiff, the FLSA Collective Plaintiffs and the

Class Members were to be paid while employed by BL.

13. BL's managers reported to Leaks.

14. At all times relevant, Defendants were covered by the FLSA and the NYLL.

15. Defendants maintained a common policy and practice of, *inter alia*, not paying employees for all hours worked during their employment or otherwise notifying them of their rights under the law.

16. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

17. Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

18. At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Plaintiffs and the Class Members, within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

19. Plaintiff worked for Defendants from February 2019 through August 19, 2022.

20. During her employment, Plaintiff generally worked six days per week, being off on Mondays.

21. While employed, Plaintiff's worked a general schedule of 3:00 p.m. until 3:00 a.m., daily/nightly.

22. At times, however, Plaintiff also worked brunch on weekends, when her workday would start at 9:00 a.m., and would work until 2:00 a.m. or 3:00 a.m. on those weekends.

23. While employed by Defendants, Plaintiff was paid less than basic minimum wage

3

required for employees in New York City.

24. While Plaintiff was apparently supposed paid $10 per hour for all hours worked, this never occurred as Defendants frequently would not timely pay Plaintiff her wages.

25. For example, despite working in excess of twenty-eight (28) hours the week of June 2, 2022, in a check dated June 28, 2022 for the time period covered, Plaintiff received a check for $280.00 with a note in the memo that is was for "6/2 – 6/11 owe $112."

26. Thus, Plaintiff did not receive her full wages on a weekly basis while working for Defendants.

27. Defendants also improperly took a tip credit against Plaintiff's wages (as well as similarly situated employees).

28. At no time prior to her hire or thereafter did Plaintiff receive a notice of any tip credit taken against her wages from Defendants.

29. In addition to failing to receive proper minimum wage for all hours worked up to forty per workweek while working at BL, Plaintiff, the FLSA Collective Plaintiff, and Class Members also did not receive proper overtime payments when she worked in excess of forty hours per week.

30. As well, BL would not timely and properly distribute to Plaintiff, the FLSA Collective Plaintiff, and Class Members their earnings, as they often received only partial payment of their wages and then the payments would be further delayed over the summer of 2022.

31. If a customer did not leave a cash tip for Plaintiff, the tips amounts she was supposed to receive would not be dispersed on her checks.

32. Furthermore, BL violated New York Hospitality's Wage Order by paying Plaintiff, the FLSA Collective Plaintiff, and Class Members on a bi-weekly basis when the law requires

those in the hospitality industry to be paid weekly.

33. Defendants failed to provide notice to Plaintiff, the FLSA Collective Plaintiff, and Class Members or other employees regarding their rights under the FLSA or the NYLL.

34. At all relevant times, Defendants imposed on tipped employees at the restaurant a mandatory tip pool and required tipped employees to share a portion of their tips with managers, who, because of their managerial authority, were ineligible to participate in a tip pool.

35. Upon information and belief, the managers who were included in the tip pool were also paid a salary rather than the tip credit hourly rate.

36. A more precise statement of the hours Plaintiff, the FLSA Collective Plaintiff, and Class Members worked, and wages Plaintiff, the FLSA Collective Plaintiff, and Class Members received, may be made when Plaintiff obtains the records in the course of discovery Defendants are required to keep under the NYLL.

37. On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff and the putative class members should be tolled due to the failure to provide appropriate and required notice of the law.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings Counts One, Two, Three and Four as a collective action pursuant to Section 216(b) of the FLSA, on behalf of herself and others similarly situated, which shall include:

> All persons who work or worked for Defendants in tipped positions from three (3) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter who elect to opt-into this action (the "FLSA Collective Plaintiffs").

39. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine,

and rules to willfully fail and refuse to timely pay them the legally required minimum and overtime wages for all hours worked and misappropriating their tips.

40. Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other tipped employees who worked for Defendants to receive notice of the action and allow them to opt-in to such an action if they so choose.

41. Counts One, Two, Three and Four are properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## RULE 23 CLASS ALLEGATIONS

42. Plaintiff brings Counts Five, Six, Seven, Eight and Nine as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class Members") consisting of:

> All persons who work or worked for Defendants in tipped positions from six (6) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter (the "Class Period").

43. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are believed to be at least forty (40) Class Members during the Class

Period. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members. The claims of Plaintiff are typical of the claims of the Class Members.

44. Plaintiff will fairly and adequately protect the interests of the Class Members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

45. There are questions of law and fact common to the Class Members which predominate over any questions solely affecting individual Class Members, including whether Defendants failed to timely pay Plaintiff and Class Members minimum wages, overtime wages and spread of hours pay for all hours worked and whether Defendants misappropriated Plaintiff's and the Class Members' tips.

## COUNT ONE
### (Failure to Pay Minimum Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

46. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

48. Defendants were required to pay directly to Plaintiffs and the FLSA Collective Plaintiffs at least the applicable minimum wage rates for all hours worked.

49. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the minimum wages to which they are entitled under the FLSA.

50. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

51. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

52. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

53. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

54. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT TWO
### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

55. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

56. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

57. During her employment, Plaintiff and the FLSA Collective Plaintiffs regularly worked overtime, without receiving any premium pay for hours worked in excess of forty per workweek.

58. At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages to which she is entitled.

59. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT THREE
### (Illegal Deductions from Gratuities – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

60. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

61. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

62. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and the FLSA Collective Plaintiffs.

63. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

64. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied gratuities in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

65. Plaintiff seeks damages in the amount of her respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## **COUNT FOUR**
### **(Failure to Timely Pay – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

66. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

67. The FLSA mandates, as a general rule, that overtime compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends.

68. In violation of the FLSA, Defendants have engaged in a widespread pattern and practice of failing to timely/promptly pay Plaintiffs and the FLSA Collective Plaintiffs.

69. Defendants unlawful conduct has been willful and intentional.

70. Defendants were aware or should have been aware that their practices with respect to the compensation of Plaintiffs and the Plaintiff Collective Plaintiffs are unlawful.

71. Indeed, Plaintiff, and others, advised as much on several occasions only to be ignored.

72. Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. §255.

73. Defendants have not made a good faith effort to comply with the FLSA's prompt payment requirement.

74. As a result of Defendants unlawful acts, Plaintiffs and the FLSA Collective Plaintiffs are entitled to the recovery of liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT FIVE
### (Failure to Pay Minimum Wages – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

75. Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

77. At all times relevant, Plaintiff and Class Members have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class Members within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

78. At all times relevant, Plaintiff and the Class Members have been covered by the NYLL.

79. Defendants have failed to pay Plaintiff and the Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

80. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the Class Members the full minimum wage at a rate in New York City to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

81. Through their knowing or intentional failure to pay minimum hourly wages to

Plaintiff and the Class Members, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

82. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT SIX**
**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)**

83. Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

84. The NYLL requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

85. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

86. At all times relevant, Plaintiff and Class Members have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class Members within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

87. At all times relevant, Plaintiff and the Class Members have been covered by the NYLL.

88. Defendants have failed to pay Plaintiff and the Class Members the overtime wages to which they are entitled under the NYLL and the supporting New York State Department of

Labor Regulations.

89. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the Class Members the unpaid overtime wages to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

90. Through their knowing or intentional failure to pay overtime wages to Plaintiff and the Class Members, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

91. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT SEVEN
**(Failure to Pay Spread of Hours – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)**

92. Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

93. During her employment, Plaintiff and the Class Members frequently worked a spread of more than ten hours in a workday.

94. Defendants willfully failed to compensate Plaintiff and the Class Members with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of her workday was more than ten hours, as required by New York law.

95. Through their knowing or intentional failure to pay Plaintiff and Class Members spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and

the supporting New York State Department of Labor Regulations.

96. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## COUNT EIGHT
### (Illegal Deductions from Gratuities – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

97. Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

98. Pursuant to NYLL § 196-d, "[n]o employer or his agent or an officer or agent of any corporation, or any other person. . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

99. At all relevant times, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiffs and the Class Members.

100. As a result of Defendants' unlawful conduct, Plaintiffs and the proposed members of the NYLL Class were denied tips to which they were otherwise entitled.

101. Defendants willfully and intentionally violated § 196-d of the NYLL.

102. Due to Defendants' unlawful conduct, Plaintiff and the Class Members are entitled to recover from Defendants their respective unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT NINE
### (Failure to Timely Pay – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

103. Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

104. New York's Hospitality Wage Order requires that food service employees, such as Plaintiff and the Class Members, be paid on a weekly basis.

105. Plaintiff and the Class Members were paid on a bi-weekly basis while employed by Defendants.

106. Due to Defendants violations of the NYLL, including §§191 and 198, Plaintiffs and the Class Members are entitled to recover from Defendant Unisys liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT TEN
### (Wage Notice Violations)

107. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

108. Defendants failed to furnish Plaintiff and the Class Members with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as

15

the commissioner deems material and necessary

109. Due to Defendants' violations of NYLL §195(1), Plaintiff and the Class Members are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

110. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

## COUNT ELEVEN
### (Wage Statement Violations)

111. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

112. Defendants failed to furnish Plaintiff and the Class Members with a statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

113. Due to Defendants' violations of NYLL §195(3), Plaintiffs and the Class Members are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## JURY DEMAND

Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

## BCL §630 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630, Plaintiff hereby advises that it intends to hold BL's top ten shareholders and/or members liable for the unpaid wages referenced herein. Further, Plaintiff demands that BL permit an examination of its record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure for applicable claims under the NYLL;

C. Awarding Plaintiff, similarly situated co-workers and putative class members damages for the amount of unpaid wages under the FLSA and/or the NYLL, including unpaid minimum wages, overtime wages spread of hours, and gratuities;

D. Awarding Plaintiff, similarly situated co-workers and putative class members

liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

    E.    Awarding pre- and post-judgment interest as permitted under the law;

    F.    Awarding the costs of this action together with reasonable attorneys' fees; and

    G.    Granting such other and further relief as this Court deems necessary and proper.

Dated: December 28, 2022
       Syosset, New York

                          Respectfully submitted,
                          **LAW OFFICES OF YALE POLLACK, P.C.**

                          By: */s/ Yale Pollack*
                                Yale Pollack, Esq.
                          66 Split Rock Road
                          Syosset, New York 11791
                          (516) 634-6340
                          ypollack@yalepollacklaw.com
                          *Attorneys for Plaintiff, the FLSA Collective Plaintiffs*
                              *and the Class Members*