

# Law Offices of Yale Pollack, P.C.

66 Split Rock Road
Syosset, New York 11791
Phone: (516) 634-6340
Fax: (516) 634-6341
www.yalepollacklaw.com

Yale Pollack, Esq.
ypollack@yalepollacklaw.com

September 27, 2023

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Taniqua Pitt v. The Bar Life Inc. et al.*
      Eastern District Case No.: 22-CV-07910-BMC

Dear Judge Cogan:

  This letter is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached between the parties, per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

  The parties have memorialized and executed a settlement agreement, which will discontinue the above-captioned case, in exchange for a payment by The Bar Life Inc. and Michael Leak (collectively, "Defendants") to the plaintiff Taniqua Pitt ("Plaintiff") in the amount of $50,000.00 in satisfaction for all claims raised in this action (and in accordance with the terms of the settlement agreement). Pursuant to the terms of the settlement agreement, Plaintiff's counsel will retain $16,666.67 in fees and $1,647.55 in expenses.[1] Annexed hereto as Exhibit "A" are Plaintiff's time records. Annexed hereto as Exhibit "B" are Plaintiff's expenses.

### *Claims and Defenses*

  It is submitted that there are a number of factual and legal disputes between the parties which could ultimately impact Plaintiff's ability to prevail if this case would have proceeded to dispositive motion practice or to trial.

---

[1] Expenses being: Filing Fee - $402.00; Process Server - $210.00; EBT Transcript of Defendant - $1,035.55.

Honorable Brian M. Cogan
September 27, 2023
Page 2

Plaintiff commenced this action seeking unpaid wages pursuant to the FLSA and NYLL, as well as damages for alleged wage notice and wage statement violations. Plaintiff alleges that she worked as a server/bartender from about February 2019 through August 2022, and that she generally worked six days per week at varying times during his employment with Defendants. Plaintiff alleges that Defendants failed to pay her the required minimum and overtime wage rates for all hours worked, and failed to supply Plaintiff with the notices required under NYLL. Plaintiff also alleged that she was not timely paid on a weekly basis as required by New York's Hospitality Wage Order as she was paid bi-weekly.

Defendants deny any wrongdoing and liability. Defendants contend that Plaintiff was properly paid for all hours worked. Defendants also deny the willfulness of any alleged violations under the FLSA and NYLL. *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983)("Employers willfully violate FLSA when (1) they know that their business is subject to FLSA and (2) their practices do not conform to FLSA requirements."). Defendants would seek to prove that they paid Plaintiff for all work performed, that the method(s) of payment were understood and agreed upon by the parties, and all payment practices were in good faith and with the belief that they were not in violation of the FLSA, NYLL, or other associated guidelines. Plaintiff, on the other hand, would seek to prove that any alleged violations were willful and that any purported intention to comply with the wage and hour laws was not done pursuant to the letter or spirit of the FLSA and NYLL.

Finally, Defendants represent they could not withstand a greater financial exposure than the compromise proposed here, warranting the extended payment plan agreed upon by the parties.

In light of the foregoing disputes and the risks associated therewith, the parties agreed to settle the case to avoid further litigation, motion practice, and trial.

### *The Settlement Terms*

Pursuant to the Settlement Agreement (annexed as Exhibit 1), the parties have agreed to the following break-down as to payment of the total $50,000.00 settlement amount:

- Plaintiff's Damages:            $31,685.78
- Attorneys' Fees and Expenses:   $18,314.22

The parties believe this settlement to be a fair resolution to this litigation, due to the aforementioned disputes about the value of Plaintiff's claims.

### *The Settlement Should be Approved*

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*, No. 12-3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. 2013), "[i]n the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of

Honorable Brian M. Cogan
September 27, 2023
Page 3

litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation." *Id.* at *2 (citations omitted). *See also Diaz v. Scores Holding Co.,* No. 07-8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011)("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes...Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement")(citations omitted).

Based on the *bona fide* disputes as to the value and viability of Plaintiff's claims, as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement represents a fair and reasonable settlement of Plaintiff's claims in this action.

As set forth above, Defendants contend that Plaintiff is not owed any unpaid wages or other amounts. However, Defendants realize that there is the potential risk for significant expenses and liability if this case is not settled. While Plaintiff believes she would prevail on her claims, she acknowledges that she faces significant risk in establishing liability and damages should this case proceed. Plaintiff is cognizant of the risks and uncertainty of protracted litigation, motion practice, potential appeals, and other factors that might affect his ability to recover on any of the claims asserted in this action, including the Defendants' inability to withstand a larger judgment, given their financial situation.

It is respectfully submitted that approval of this settlement is warranted because it is the product of arms-length negotiations between parties represented by knowledgeable and experienced counsel who focus their respective practices on wage and hour litigation. *Wolinsky v. Scholastic, Inc.,* 900 F.Supp.2d 322 (S.D.N.Y. 2012). Throughout the course of those negotiations, the parties shared their respective views on the validity and potential value of the claims, and ultimately reached a deal that both sides felt, given the risks associated with protracted litigation, was a fair compromise. Indeed, after several rounds of negotiation between counsel, including the exchange of documentary evidence, and taking of deposition testimony, the parties arrived at a settlement amount of $50,000.00 to resolve all claims, including attorney's fees. Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

The settlement agreement submitted for approval is in line with the mandates of *Cheeks*. The Agreement does not contain a confidentiality provision; the Agreement only provides for a release of NYLL and FLSA claims up to the date of the signing of the Agreement; and Plaintiffs' attorneys' fees will be 33.33% of the total settlement.

Courts in the Second Circuit typically approve attorneys' fees in the range of thirty to thirty-three and one-third percent in FLSA cases. *See Santos v. El Tepeyac Butcher Shop, Inc.*, 2015WL 9077172, at *4 (S.D.N.Y. Dec. 15, 2015); *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135, at * 3 (S.D.N.Y. March 20, 2014). Courts in this circuit have also held that the one-third

3

Honorable Brian M. Cogan
September 27, 2023
Page 4

contingency fee satisfies the broad remedial purpose of the FLSA and NYLL. *See Khait v. Whirlpool Corp.*, No. 06–6381 (ALC), 2010 WL 2025106 (E.D.N.Y. 2010).

To this end, Plaintiff's counsel represents clients (the present plaintiff included) on a contingency-fee basis, calculated during this case at 33.33% percent. This was the rate agreed upon by Plaintiff and counsel at the outset via a retainer agreement. To date, Plaintiffs' counsel bore all costs of litigation without compensation of any kind as his fee has been wholly contingent upon the result achieved. It is submitted that attorneys' fees are fair and reasonable.

### *Conclusion*

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL.

We thank the Court for its time and consideration.

Respectfully submitted,
Law Offices of Yale Pollack, P.C.

_____
Yale Pollack, Esq.

Enclosure

cc:   All Counsel (via ECF)