UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
TANIQUA PITT,

                              Plaintiff,

              -against-                                    **MEMORANDUM AND ORDER**
                                                          22 CV 7910 (CLP)
THE BAR LIFE INC. and MICHAEL
LEAKS,

                              Defendants.
--------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       Taniqua Pitt ("plaintiff") commenced this action on December 28, 2022, alleging that

The Bar Life Inc. and Michael Leaks (collectively, "defendants") violated the wage provisions of

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law

("NYLL") §§ 190 et seq. and §§650 et seq., and related regulations, 12 N.Y.C.R.R. § 142.2, by

failing to pay plaintiff the required minimum and overtime wage rates for all hours worked

(Compl., [1] Counts One, Two, Five, Six), by failing to timely pay plaintiff (id. Counts Four and

Nine), by retaining or misappropriating gratuities belonging to plaintiff (id., Counts Three and

Eight), by failing to pay spread-of-hours pay (id., Count Seven), and by failing to provide

plaintiff with the written notices required by the NYLL (id., Counts 10 and 11).

       The parties advised the Court that they had reached a settlement agreement in principle

on September 18, 2023 (ECF No. 18), and on September 25, 2023, the parties filed their initial

motion for settlement approval and attorney's fees ("First Mot."). (ECF No. 19). The parties

attached a copy of the proposed settlement agreement ("Original Agreement" or "Orig. Agr.")

(ECF No. 19-1) but failed to include any records to support their fee request.

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed December 28, 2022. (ECF No. 1).

On September 27, 2023, the Honorable Brian M. Cogan, United States District Judge, denied the parties' First Motion, finding that the proposed release was "overbroad," and that counsel had failed to include any timesheets that would allow the court to conduct a lodestar analysis as required to determine the fairness of the requested attorney's fees. (Electronic Order, dated September 27, 2023). Later that day, the parties filed a revised motion (the "Second Motion or "Sec. Mot.") (ECF No. 20) and provided the court with counsel's billing records (ECF No. 20-2, 20-3). The parties also provided a revised version of the proposed settlement agreement (the "Revised Agreement" or "Rev. Agr.") (ECF No. 20-1), as well as a declaration from plaintiff's counsel in support of the Second Motion ("Pollack Decl.") (ECF No. 21). Judge Cogan then referred the parties' Second Motion to the undersigned to prepare a report and recommendation. (Electronic Order, dated September 27, 2023).

On October 24, 2023, the Court held a fairness hearing pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 200 (2d Cir. 2015), cert. denied, 577 U.S. 1067 (2016). (See Minute Entry, dated October 25, 2023). The parties consented to the undersigned's jurisdiction for all purposes shortly thereafter. (ECF Nos. 22–23).

For the reasons set forth in this Order, the Court finds that the parties' Revised Agreement, including the provision therein providing for attorney's fees and costs, is fair and reasonable under Second Circuit caselaw. The Court therefore grants the Second Motion for Settlement Approval.

## FACTUAL BACKGROUND

Plaintiff alleges that she was employed by defendants as a server and bartender from February 2019 through August 2022, typically working six days a week. (Sec. Mot. at 2). Plaintiff alleges that defendants failed to pay her the required minimum wage and overtime wage rates for all hours worked and failed to supply her with the written notices required by the

2

NYLL. (Id.) Plaintiff also claims that she was paid bi-weekly instead of on a weekly basis as required by the New York Hospitality Wage Order. (Id.) Although she does not allege a specific amount in lost wages over the period, she alleges that she was "supposed [to be] paid $10 an hour," but defendants would "frequently" not pay her full wages on a weekly basis. (Compl. ¶ 24). Defendants deny liability but realize that "there is the potential risk for significant expenses and liability if this case is not settled." (Sec. Mot. at 2).

DISCUSSION

I.    Settlement Approval

    A.    Legal Standard

Parties may not "privately settle FLSA claims with a stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41 absent the approval of the district court . . . ." Fisher v. SD Prot. Inc., 948 F.3d 593, 599 (2d Cir. 2020) (citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 200). In determining whether to approve a FLSA settlement, courts consider whether the agreement "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (alteration in original) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)). Courts within this Circuit have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

3

Fisher v. SD Prot. Inc., 948 F.3d at 600 (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (applying the Wolinsky factors).

In addition to the Wolinsky factors, Cheeks and its progeny demand that courts review proposed settlements for pernicious and abusive provisions that do not further "the unique policy considerations underlying the FLSA . . . ." Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 206. This includes "highly restrictive confidentiality provisions" and "overbroad releases that 'would waive practically any possible claim against the defendants, including unknown claim and claims that have no relationship whatsoever to wage-and-hour issues.'" Allen v. County of Nassau, No. 22 CV 1572, 2023 WL 4086457, at *5 (E.D.N.Y. June 20, 2023) (quoting Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 206)); see also Lopez v. Bell Blvd Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (collecting cases and explaining that confidentiality and broad general release clauses are impermissible), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016). Courts in this Circuit have also rejected FLSA settlements that include bans on future employment and non-disparagement clauses that do not contain a carve-out for truthful statements. See Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs agree to never seek re-employment with defendant contravenes the FLSA); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in an FLSA settlement agreement, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case").

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d at 606 (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at 606. Rather, if a court finds one or more provisions of an FLSA settlement agreement to be unreasonable, the court must reject the proposed settlement. Id. at 605.

B.    Analysis

The Court addresses each of the relevant terms of the Revised Agreement in turn and, for the reasons discussed below, finds that the terms of the Revised Agreement are fair and reasonable.

1.    Monetary Terms

The parties agreed to resolve all of plaintiff's claims for $50,000, inclusive of attorney's fees and costs (the "Total Settlement Amount"). (Rev. Agr. ¶¶ 1, 3; see also Sec. Mot. at 2). Under the terms of the Agreement, the Total Settlement Amount will be distributed as follows:

- Total Settlement Amount: **$50,000** (Rev. Agr. ¶ 1; Sec. Mot. at 2)

- Total Attorney's Fees & Costs: **$18,314.22** (Sec. Mot. at 2)

  o Costs: $1,647.55, consisting of the Filing Fee of $402, Service Costs of $210, and Deposition Transcript Fee of $1,035.55 (Sec. Mot. at 1, n.1; id., Ex. B (ECF No. 20-2))

  o Attorney's Fees: $4,417 equal to one-third of the settlement amount less costs as agreed to in the retainer agreement (Sec. Mot. at 3; ECF No. 27-1)

- Net Settlement Amount payable to plaintiff (i.e., Total Settlement Amount, less Total Attorney's Fees and Costs): **$31,685.78**

5

The parties reached the monetary terms set forth above after the exchange of documents, depositions, and after substantial arms-length negotiations. (Sec. Mot. at 3).  The parties believe that the settlement amount is reasonable given the factual disputes and the issues including plaintiff's likely recovery. (Id. at 2–3)  Finally, both parties are represented by experienced counsel.  (Id. at 4; see also Pollack Decl. ¶ 7).  Each of these factors weigh in favor of settlement approval.  Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335.

Moreover, the Court concludes that plaintiff's distribution under the Agreement—$31,685.78—represents a fair and reasonable compromise of plaintiff's claims given the inherent risks and burdens that plaintiff would face in pursuing these claims.  Given the other factors noted above and the risks of continued litigation, the Court concludes that this rate of recovery, and the settlement amount more generally, are fair and reasonable.  See Boyle v. Robert M. Spano Plumbing & Heating, Inc., No. 15 CV 2899, 2016 WL 1688014, at *4 (S.D.N.Y. Apr. 27, 2016) (collecting cases wherein the rate of recovery was a central factor in considering the fairness of the settlement).

### 2.   Non-Monetary Terms

Turning to the non-monetary terms of the Agreement, the release in the Original Agreement released "any and all known and unknown claims" arising under the FLSA, NYLL, "and/or any other law, regulation, or ordinance regulating the payment of wages."  (Orig. Agr. ¶ 1).  The Revised Agreement has narrowed the release to fewer individuals and refers only to claims arising under the "wage and hour" provisions of the FLSA and NYLL, and "any other applicable wage and hour payment laws, rules or regulations."  (Rev. Agr. ¶ 1).  Given the revisions to the release provision, it now conforms with the case authority cited by the district judge in rejecting the Original Agreement to the extent the original release went beyond wage and hour claims.  See, e.g., Foster v. Monticello Motor Club Sales & Mgmt., No. 21 CV 1400,

2022 WL 4286607, at *2 (S.D.N.Y. Sept. 16, 2022) (discussing concern with "provisions that waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"); Vasquez v. Tasty Picks II Corp., No. 21 CV 8799, 2022 WL 17249365, at *3 (S.D.N.Y. Nov. 28, 2022) (same).  The Court therefore finds that the release as modified satisfies the requirements of Cheeks and the caselaw that has followed, and thus does not prevent approval of the settlement.

Moreover, the Revised Agreement does not contain any confidentiality clauses, bans on future employment, or unqualified non-disparagement clauses, all of which have previously been rejected by courts in this Circuit.  See p. 4 supra.  The Court therefore concludes that the non-monetary terms of the Revised Agreement are fair and reasonable.

II.    Attorney's Fees and Costs

    A.    Legal Standard

In addition to the fairness inquiry described above, courts assessing the proposed settlement of FLSA claims must also examine any request for attorney's fees and costs, irrespective of whether the fee allotment is included within the terms of the settlement agreement.  See, e.g., Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013)); Fisher v. SD Prot. Inc., 948 F.3d at 600 (noting that the need to review attorney's fees and costs may arise in the FLSA context both "where the settlement agreement reserves the questions of fees and costs for the court to decide" and where the settlement "incorporat[es] attorneys' fees and costs into the settlement amount").[2]  The fee applicant must always submit

_____

[2] "Under the FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." Id. at 600 (citing 29 U.S.C. § 216(b); NYLL § 663(1); Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008)).  The parties may agree to provide for attorney's fees and costs from the settlement amount rather than having plaintiff's counsel seeking them via a separate fee application.

adequate documentation supporting the requested attorney's fees and costs.  See Fisher v. SD Prot. Inc., 948 F.3d at 600 (citing cases); see also Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 182 (S.D.N.Y. 2015) (noting that "[c]ourts deny unsubstantiated FLSA fee requests and will decrease a requested fee if the hours billed are unreasonable or the hourly rate too high").

With respect to attorney's fees, courts in this Circuit have routinely found an award representing one-third of the settlement amount (after deduction of costs) to be reasonable.  See Allen v. County of Nassau, 2023 WL 4086457, at *5 (collecting cases).[3]  However, "[w]hile 33% fee awards are routinely approved for FLSA settlements, the Court is obliged to independently ascertain the reasonableness of the fee award . . . ."  Heiloo v. Fruitco Corp., No. 18 CV 1917, 2019 WL 5485205, at *3 (S.D.N.Y. Oct. 25, 2019).  Thus, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees."  Santos v. YMY Mgmt. Corp., No. 20 CV 1992, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021).

In conducting a lodestar cross check, "courts must multiply a reasonable number of hours for the case" with a reasonable hourly rate for the attorney(s) requesting the fee.  Allen v. County of Nassau, 2023 WL 4086457, at *5; see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551–52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  What constitute a "reasonable number of hours" and a "reasonable hourly rate" will vary from case-to-case and attorney-to-attorney, and courts will often examine both the experience and expertise of the attorney as well as the complexity of the case.  See Allen v. County of Nassau, 2023 WL

---

[3] The Second Circuit has made clear that although a 33% fee award is commonplace in FLSA settlements, there is no "maximum fee percentage" or "proportionality limit" on attorney's fees under the FLSA's fee-shifting provision, and that a fee percentage in excess of 33% of the total settlement amount may well be reasonable in many FLSA cases.  Fisher v. SD Prot. Inc., 948 F.3d at 602–05; see also Wang v. Masago Neo Asian Inc., No. 14 CV 6249, 2016 WL 7177514, at *4 (E.D.N.Y. Sept. 26, 2016) (approving a fee of 40%).

4086457, at *5 (collecting cases); Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 27–29 (S.D.N.Y. 2015) (noting that in FLSA actions, rates between $150 and $450 per hour may be appropriate depending on the experience of the attorney).

There is a strong presumption that the requested fee is reasonable if it equals or is less than the lodestar fee.  See Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (noting that both the Second Circuit and Supreme Court "have held that the lodestar . . . creates a 'presumptively reasonable fee'" (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 522 F.3d 182, 183 (2d Cir.2008))).  Courts in this Circuit have, however, applied a multiplier to the lodestar calculation to permit fees greater than the lodestar amount, within reason. See, e.g., Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (holding that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier"); Wang v. Masago Neo Asian Inc., 2016 WL 7177514, at *4 n.1 (collecting cases); but see Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (recognizing that a one-third percentage award was "simply too great" in relation to the work performed where such an award would result in a 11.4 multiplier of the lodestar calculation).

With respect to costs, courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients."  Fisher v. SD Prot. Inc., 948 F.3d at 600 (quoting Reichman v. Bonsignore, Brignati & Mazzotta P.C., 818 F.2d 278, 283 (2d Cir. 1987)); see also Mitland Raleigh-Durham v. Myers, 840 F. Supp. 235, 239

(S.D.N.Y. 1993) (noting that courts often award costs that are "incidental and necessary to [plaintiff's] representation").

B.    Analysis

As noted above, the Revised Agreement includes a payment of $18,314.22 in combined attorney's fees and costs, which is to be paid from the Total Settlement Amount.  (See Sec. Mot. at 2).  The Court is obligated to assess the fairness and reasonableness of those awards.

The $16,666.67 attorney's fee award provided for by the Revised Agreement amounts to 33.33% of the Total Settlement Amount before considering costs and is thus presumptively reasonable.  See Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016); Allen v. County of Nassau, 2023 WL 4086457, at *5. Moreover, the record indicates that plaintiff's counsel is experienced with these matters and served to represent plaintiff's interest, further supporting approval.  (See Sec. Mot. at 3).

As for the lodestar cross check, counsel billed 41.5 hours of work at a rate of $425 per hour.  (Sec. Mot., Ex. A (ECF No. 20-1)).  The number of hours billed appears reasonable based on the tasks described in the billing records.  Plaintiff's counsel owns and operates his own solo practice and has been practicing employment law for nearly seventeen years.  (Pollack Decl. ¶¶ 3, 6–7).  An hourly rate of $425 per hour is within the range of reasonableness for an attorney of counsel's experience handling similar cases.  See Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d at 27–29.  Since the requested fees of $16,666.67 are below the $17,637.50 lodestar,[4] there is a presumption that the requested fees are reasonable.  See Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001) (noting that there is a "strong

---

[4] The Pollack Declaration incorrectly notes a lodestar of $18,675.00 based on an hourly rate of $450. (Pollack Decl. ¶¶ 8–9).  The lodestar figure calculated for purposes of this Order is based on the billable rate of $425 per hour as noted in counsel's billing records.  (See Sec. Mot., Ex. A).

presumption" that the lodestar figure "represents a reasonable fee"). Taken with the other indicia of reasonableness noted above, the Court concludes that a payment of $16,666.67 in attorney's fees, as provided for by the Revised Agreement, is fair and reasonable.

The requested costs represent filing fees, process server fees, and transcript fees. (ECF No. 20-2). The amount requested appears appropriate and these types of costs may be awarded in FLSA actions. See Mitland Raleigh-Durham v. Myers, 840 F. Supp. at 239; Perez v. Rossy's Bakery & Coffee Shop, Inc., No. 19 Civ. 8683, 2021 WL 1199414, at *11 (S.D.N.Y. Mar. 30, 2021) (awarding costs for transcripts, service, translator, and filing fee). The Court therefore concludes that a payment of $1,647.55 in costs from the Total Settlement Amount is fair and reasonable.

III.  Retention of Jurisdiction

The Court recognizes parties often wish to have courts retain jurisdiction in the event either party defaults under the settlement agreement. The parties are reminded that a court's approval of a settlement agreement under Cheeks is not alone sufficient as a basis for retaining federal jurisdiction over enforcement of that FLSA settlement agreement. See Melchor v. Eisen & Son Inc., No. 15 CV 113, 2016 WL 3443649, at *6 (S.D.N.Y. June 10, 2016) (noting that "a district court does not retain jurisdiction to enforce a settlement merely by placing its 'judicial imprimatur' on the parties' settlement, such as by approving the settlement agreement as fair and adequate"); Mao v. Mee Chi Corp., No. 15 CV 1799, 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (holding there is no "suggestion in Cheeks that by mandating review of FLSA settlements, the Second Circuit Court of Appeals was creating federal jurisdiction over enforcement of all such agreements"); Kim v. WJ Grp., Inc., No. 18 CV 3833, 2020 WL 13695808, at *2 (E.D.N.Y. Nov. 2, 2020) (collecting cases). If the parties want this Court to retain jurisdiction for purposes of enforcing the Agreement, they should make it explicit in their stipulation of dismissal.

CONCLUSION

After holding a fairness hearing and reviewing the parties' submissions, the Court finds that the settlement agreement reached—including the provisions providing for attorney's fees and expenses—are a fair and reasonable compromises of plaintiff's claims. The Court reached its determination after considering the amount received, the issues that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel. See Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 355 (examining the factors courts consider when approving FLSA settlement agreements).

The parties' motion for settlement approval is therefore GRANTED. The parties are directed to file a stipulation of dismissal by **February 9, 2024.**

**SO ORDERED.**

Dated: Brooklyn, New York
January 18, 2024

_Cheryl L. Pollak_
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

12